(78 South. 241)

No. 22171.

DUPRE v. COLEMAN.

(Feb. 25, 1918. Rehearing Denied April 1, 1918.)

*(Syllabus by the Court.)*

MASTER AND SERVANT ⬦⟳400—PARTNERSHIP ⬦⟳200 — WORKMEN'S COMPENSATION — PERSONAL INJURY—PARTIES.

One who suffers personal injuries while working for a partnership and as a result of the employment cannot maintain an action against a member of the partnership alone, either for damages for the neglect of the employer to perform a duty required by law of a master to his servant, or for compensation for the disability suffered by the employé, on the allegation that the individual defendant was the employer.

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; B. H. Pavy, Judge.

Action by John Dupre against R. H. Coleman. Exceptions sustained, and suit dismissed, and plaintiff appeals. Judgment amended to dismiss the suit against defendant individually, reserving to plaintiff any right of action against defendant's partnership and its members.

E. T. Lewis and R. Lee Garland, both of Opelousas, for appellant. W. J. Sandoz, of Opelousas, and J. Zach Spearing, of New Orleans, for appellee.

O'NIELL, J. Having suffered personal injuries in an accident while employed in a sawmill, the plaintiff based his suit upon the allegations that the defendant was his employer, proprietor of the mill. He alleged that the Employers' Liability Act was unconstitutional, and he therefore prayed for damages under article 2315 of the Civil Code for the alleged neglect of the employer to provide a safe place and safe tools for the work to be done. In the alternative, that is, if the Employers' Liability Act should be held valid, he prayed for compensation under the statute for his physical disability.

The defendant filed the following exceptions to the suit, viz.: (1) That the suit was improperly brought against him, the defendant, instead of being brought against the copartnership of R. H. Coleman & Co., composed of the defendant and J. S. Coleman; (2) that, if that plea or exception should be overruled, the suit was premature; and (3) that, if the first plea or exception should be overruled, the alternative demands of the plaintiff were inconsistent, and he should be required to elect whether to claim dama-

ges under article 2315 of the Civil Code or compensation under Act No. 20 of 1914.

On the evidence heard, the district court held that the exceptions were well founded and dismissed the suit. The plaintiff prosecutes this appeal.

As the testimony was not reduced to writing, the parties have submitted the matter to this court on an agreement as to the facts that were proven, viz.: The mill was being operated and the business carried on by a partnership styled R. H. Coleman & Co., composed of the defendant and his father, J. S. Coleman, when the plaintiff was employed and when the accident occurred. All contracts for timber for the mill were made in the name of the firm. The firm name, but not the name of either member, appeared on the letter heads, billheads, envelopes and other stationery. Large printed cards, posted at conspicuous places about the mill, giving notice to the employés of the Employers' Liability Act, bore the name of the firm. All of the bank checks and incoming and outgoing invoices were in the name of R. H. Coleman & Co. There is no proof nor admission that the defendant managed the business of the partnership or employed the plaintiff for the firm. The important fact, however, is that the plaintiff was employed by and working for the partnership—not the defendant individually.

Whatever right of action the plaintiff has, either for damages, under article 2315 of the Civil Code (for the neglect of his employer to furnish a safe place or safe tools for the work to be done), or for compensation, under the Employers' Liability Act, is against the employer. Any judgment that might be rendered also against an individual member of the partnership would be based upon his liability as a member of the partnership—not as the employer of the plaintiff—and could only be rendered on allegation and proof of his being a member of the partnership. There is no such allegation in the plaintiff's petition. On the contrary, the defendant is sought to be held liable, not as a member of a partnership, but as the employer of the plaintiff.

Our conclusion is that the judgment maintaining the defendant's first exception is correct. The other exceptions were only urged in the alternative; that is, in the event the first should have been overruled. The judgment appealed from purports to maintain all of the exceptions.

The judgment is amended so as to dismiss the suit against R. H. Coleman individually, reserving to the plaintiff whatever right of action he may have against the partnership of R. H. Coleman & Co. and the members as such; appellee to pay costs of appeal.