(79 South. 549)

No. 22692.

## PHILPS v. GUY DRILLING CO.

(May 27, 1918. Rehearing Denied June 29, 1918.)

*(Syllabus by Editorial Staff.)*

1. MASTER AND SERVANT ⬅348—WORKMEN'S COMPENSATION — LIMITING REMEDY — "PRESCRIBE."

Act No. 20 of 1914, prescribing the liability of employers for compensation to employés, plainly expressed the intention to limit the rights and remedies of employés and their dependents to the compensation thereby provided, and to exclude other rights; to "prescribe" meaning to lay down authoritatively as a guide or rule of action.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Prescribe.]

2. MASTER AND SERVANT ⬅351—EMPLOYERS' LIABILITY ACT—APPLICATION—NOTICE.

Under Act No. 20 of 1914, § 3, subds. 1–3, where there was no written agreement or notice between employer and employé that the act should not apply to the employment, an accident occurring within 30 days after the contract of employment is not excluded.

3. MASTER AND SERVANT ⬅351—EMPLOYERS' LIABILITY ACT — RIGHT OF EMPLOYÉ — EXCLUSIVENESS.

Action by mother of deceased employé for compensation for his death from injury within 30 days after contract of employment was within Act No. 20 of 1914, § 34, so that a judgment refusing a demand for damages for tort under Civ. Code, art. 2315, was proper.

4. MASTER AND SERVANT ⬅401—EMPLOYERS' LIABILITY ACT—LIMITATIONS.

Where supplemental petition in suit for compensation under Act No. 20 of 1914 complied with section 18, par. 1, a plea of prescription because original petition set forth no cause of action, and supplemental petition was not filed within a year after accident, was without merit.

5. MASTER AND SERVANT ⬅398—EMPLOYERS' LIABILITY ACT—ACTION FOR COMPENSATION —WAIVER.

A demand for compensation under Act No. 20 of 1914 was not waived and would not be dismissed merely because urged in the alternative, and only if the court should hold that plaintiff was not entitled to damages for tort under Civ. Code, art. 2315.

6. MASTER AND SERVANT ⬅408—ACTION ON EMPLOYERS' LIABILITY ACT — ACTION FOR COMPENSATION—DAMAGES.

In action for compensation under Act No. 20 of 1914, where evidence as to wages and contribution to plaintiff's support were so uncertain that compensation could not be determined, district court, in view of section 18, subsec. 4, should have reopened the case to allow plaintiff to introduce additional evidence.

Monroe, C. J., and Leche, J., dissenting.

Appeal from First Judicial District Court, Parish of Caddo; R. D. Webb, Judge.

Action by Mrs. Margaret J. Philps against the Guy Drilling Company for damages for tort, or in the alternative for compensation, under the Employers' Liability Act, for the death of her son. Exceptions of no cause of action filed against original and supplemental petition overruled, demand for damages rejected, and judgment of nonsuit on the alternative demand for compensation, and plaintiff appeals. Judgment rejecting the demand for damages affirmed, and judgment of nonsuit reversed, and case remanded for the admission of evidence on the question of compensation.

Levy & Crane, of Shreveport, for appellant. J. S. Atkinson, of Shreveport, for appellee.

O'NIELL, J. This is an action for damages under article 2315 of the Civil Code, and, in the alternative, a demand for compensation, under the Employers' Liability Act, for the death of the plaintiff's son.

The suit for damages is based upon alle-

gations of negligence on the part of the defendant, employer, and upon the plea that the Employers' Liability Act (Act No. 20 of 1914) is unconstitutional in so far as it purports to deprive an employé, or his dependents, of any other right or remedy than the statute affords. It is contended that that object or purpose of the law is not expressed in its title, as required by article 31 of the Constitution.

The defendant filed a plea or exception of no cause or right of action; the argument being that the only right of action at law was for compensation under the Act No. 20 of 1914, and that the petition did not disclose a cause of action under the statute because the plaintiff did not allege that a dispute had arisen between her and the defendant as to the compensation claimed. The court overruled the exception of no cause of action, maintaining that only a plea of prematurity would have been appropriate to the demand for compensation. Thereafter, and more than a year after the fatal accident, the plaintiff filed a supplemental petition, alleging that the dispute had arisen between her and the defendant before she filed her suit. The defendant again filed an exception of no cause or right of action, and, in the alternative, pleaded that a demand for compensation under the Employers' Liability Act should not be joined with a suit for damages under the Civil Code, even in the alternative, because the defendant desired and was entitled to a trial by jury of the suit for damages; whereas, the proceeding under the Employers' Liability Act had to be tried by the judge alone. The latter exceptions were overruled, and the defendant then answered both the original and supplemental petition.

The main defense to the action for damages under article 2315 of the Civil Code is the contention that the provisions of the Employers' Liability Act, limiting the plain-

tiff's right or remedy to the demand for compensation according to the amount that her son had contributed to her support, is valid legislation and deprives her of a right of action for damages. To the demand for compensation, the defendant pleaded the prescription of one year, and pleaded also that the demand for damages was a renunciation of the claim for compensation.

On the question of constitutionality of the Employers' Liability Act, the district judge held that it was valid legislation, and he therefore rejected the demand for damages. A judgment of nonsuit was rendered on the alternative demand for compensation, because the plaintiff failed to prove, to the satisfaction of the judge, the amount that her son had contributed to her support.

The plaintiff prosecutes this appeal; and the defendant, answering the appeal, prays that the judgment of nonsuit on the demand for compensation be amended so as to reject the demand finally.

After the appeal was taken, the plaintiff, appellant, filed a motion to have the case remanded to the district court to allow her to prove that the fatal accident occurred within 30 days after the date of the contract of employment. She avers, in her motion, that, although there is evidence in the record that the accident occurred within the 30 days, she did not urge the point that the Employers' Liability Act did not, for that reason, apply to her case, because she was not aware of the importance of the proposition until the decision was rendered by this court in the case of Woodruff v. Producers' Oil Co., 142 La. 368, 76 South. 803, on rehearing, after her appeal was taken.

### Opinion.

[1] The decision of the question of constitutionality of the Act No. 20 of 1914 is sustained by the ruling of this court in Whittington v. Louisiana Sawmill Co., 142 La.

322, 76 South. 754. The decision in that case was that the title of the Act No. 20 of 1914, "An act prescribing the liability of an employer to make compensation for injuries received by an employé, * * * establishing a schedule of compensation, regulating procedure for the determination of liability and compensation thereunder, and providing for * * * payments of compensation thereunder," expressed, plainly enough, the object or purpose of limiting the rights and remedies of an injured employé, and the rights and remedies of the dependents or representatives of a deceased employé, to the schedule of compensation established, and to the liability of the employer, as prescribed by the statute. To "prescribe," in that sense, means to lay down authoritatively as a guide or rule of action. Hence it goes without saying that an act prescribing the liability of an employer to make compensation for injuries received by an employé is an act limiting the rights and remedies of an employé, or his representatives, for injuries received by him. The following expressions in the title of this statute, "establishing a schedule of compensation," "regulating procedure for the determination of liability and compensation, and providing for payments of compensation," indicate plainly the object or purpose of establishing the rights and remedies of the one to whom compensation may be due, and of thereby excluding all other rights or remedies.

[2] We take up next the question whether, if the accident occurred within 30 days after the date of the contract of employment, the plaintiff's case is, for that reason, excluded from the provisions of the Act No. 20 of 1914. That depends upon the correctness of the ruling in Woodruff v. Producers' Oil Co., 142 La. 368, 76 South. 803, where it was held that, under the first paragraph of section 3, the Act No. 20 of 1914 did not exclude an action for damages against an employer for personal injuries suffered by an employé within 30 days after the date of the contract of employment, unless there was an express agreement to come within the provisions of the act.

After careful reconsideration of the matter, we have concluded that the ruling in the Woodruff Case is founded upon an erroneous premise. The error was made in assuming that there was a conflict of terms, that had to be reconciled by judicial construction, between the subsections 1 and 3 of section 3 of the act, and that the two subsections could not be reconciled otherwise than by construing subsection 3 so as to exclude from the provisions of the statute an action for damages for an injury that happened within 30 days after the date of the contract of employment.

We find now, by comparison of the two paragraphs or subsections, giving every word its plain and only meaning, that there is no inconsistency between them.

Subsection 1 is not a complete provision of the law, but refers to and depends upon what follows for its effect. That subsection declares that the act shall not apply to any employer or employé unless, prior to the injury, they shall have so elected by agreement, either express or implied, as thereafter provided; that is, as provided in the subsequent provisions of section 3. And the first subsection further declares that such an agreement—whether express or implied, as we take it—shall be a surrender by the parties thereto of their rights to any other method, form, or amount of compensation, or determination thereof, than is provided in the act, and shall bind the employé himself, his widow and relations and dependents, as thereafter defined in the act, as well as the employer, etc.

It must be observed therefore that an agreement or election that the statute shall apply to a contract of employment need not

be expressed, but may be implied, and that, as far as subsection 1 goes, the agreement, whether expressed or implied, need not be in existence 30 days, but must be merely "prior to the injury," to have the effect of making the statute applicable to the case.

Subsection 2 of section 3 refers only to contracts of employment that were in operation "or made or implied" before the statute went into effect; and it declares that such contracts shall be presumed to have continued subject to the provisions of the act, unless either party shall have notified the other in writing, not less than 30 days before the accident, of his intention that the provisions of the act should not apply.

As the contract of hiring, in the case before us, was made after the Act No. 20 of 1914 went into effect, we need not consider subsection 2, but must look to subsection 3, of section 3, to determine how and under what circumstances it shall be presumed or implied that the parties to the contract agreed or elected to be governed by tne statute. That subsection declares that every contract of hiring, verbal, written, or implied, made subsequent to the time provided for the act to take effect, between an employer and employé engaged in the trades, businesses, or occupations that are specified or may be determined to be hazardous, shall be presumed to have been made subject to the provisions of the act, unless there be, as a part of said contract, an express statement in writing, not less than 30 days prior to the accident, either in the contract itself or by written notice by either party to the other, that the provisions of the act (other than sections 4 and 5) are not intended to apply; and the subsection concludes with a repetition that, unless there be such written agreement or notice, not less than 30 days old, "it shall be presumed that the parties have elected to be subject to the provisions of this act and to be bound thereby."

We find, therefore, not only that subsection 1 of section 3 harmonizes with, but that it is not complete without, the provisions of subsection 3 of the same section.

The decision in Woodruff v. Producers' Oil Co., being founded upon a wrong premise, must be overruled. Our failure to discover the error sooner is largely attributable to the fact that the question was not considered in the case until it came up on rehearing, and, as a second rehearing was not allowed, the question was not reconsidered. The decision is in conflict with the ruling on the same question in the case of Effie Boyer v. Crescent Paper Box Factory, Inc. (No. 22434) 78 South. 596, ante, p. 368. In the latter case, a rehearing was granted, and, on rehearing, the judgment allowing the plaintiff damages under article 2315 of the Civil Code was affirmed because it was held that the Act No. 20 of 1914 (before it was amended by the Act No. 243 of 1916) made no provision for such an injury as the plaintiff had suffered, and therefore did not deprive her of her right or remedy under the Civil Code. The ruling made in the original opinion that Effie Boyer's Case was not excluded from the provisions of the Employers' Liability Act, merely because the accident happened within the 30 days following the date of her employment, was not reversed on rehearing. On the contrary, it was in effect affirmed, and the decision in the case of Woodruff v. Producers' Oil Co. was in effect overruled; because, if the decision in Woodruff's Case had remained undisturbed, the Employers' Liability Act would have had no application whatever to Effie Boyer's Case, and there would have been no occasion then for deciding that the act made no provision for the injury she suffered.

It is argued that, in so far as subsection 3 of section 3 of the statute purports to suspend, for a period of 30 days, the force and effect of an agreement between an employer and employé not to be governed by the Act No. 20 of 1914, the law is unconstitutional

and invalid, because it is an attempt to deprive the individuals of their fundamental right to contract with regard to a matter concerning themselves alone. It is said that, if that provision of the statute is valid legislation, an employer and employé, engaged in a business or occupation that is specified or that might be determined to be hazardous, can never bind themselves by an agreement that a contract of employment, for a period less than 30 days, shall not be governed by the Employers' Liability Act.

[3] There is no occasion here for deciding the interesting constitutional question thus presented, because there was no agreement between the employer and employé, nor written notice given by either party to the other, that the provisions of the Employers' Liability Act were not to apply to their contract of employment. It is said that, if such an agreement had been made, or notice given, it would have had no effect, according to the statute, because the accident happened within the 30 days following the date of employment; hence it is argued that the plaintiff is in no worse position than if an agreement had been made, or notice given, not to be governed by the Employers' Liability Act. That argument, however, assumes, for the purpose of dispensing with the necessity of the agreement or notice, that the provision of the law is valid, and it assumes, for the purpose of exempting the plaintiff from the provisions of the law, that it is not valid. It is either valid or invalid legislation. If valid, the case would be governed by the statute, even if the agreement had been made, or notice given, to the contrary; if invalid, the employé should have given the notice and it would have had effect, notwithstanding the provision of the law to the contrary. We cannot give the plaintiff the benefit of a contract that was not made, or notice that was not given, on the ground that, if the contract had been made or notice had been given, it

would have had effect notwithstanding the statute to the contrary.

Our conclusion is that the plaintiff's case comes within the provisions of the Employers' Liability Act, section 34 of which declares:

"That the rights and remedies herein granted to an employé on account of a personal injury for which he is entitled to compensation under this act shall be exclusive of all other rights and remedies of such employé, his personal representatives, dependents, relations, or otherwise, on account of such injury."

The judgment rejecting the demand for damages under article 2315 of the Civil Code is therefore correct.

As to the alternative demand for compensation under the Employers' Liability Act, we find no merit in the exception of no cause of action. It could be sustained only upon the assumption that the defendant was, or might have been, willing to pay the amount sued for, for all that was said in the original petition. Our opinion is that the petition did state the nature of the dispute and the contention of the petitioner with reference thereto, as required by the first paragraph of section 18 of the Act No. 20 of 1914.

[4] For that reason, also, we find no merit in the plea of prescription based upon the contention that the original petition did not set forth a cause of action, and upon the fact that the supplemental petition was not filed within the year following the date of the accident.

[5] We conclude also that the demand for compensation under the Employers' Liability Act was not waived, and should not be dismissed, merely because it was urged in the alternative and only in the event the court should hold that the plaintiff was not entitled to damages under article 2315 of the Civil Code. The argument that the defendant was entitled to a trial by jury on the primary demand for damages, but not on the alternative demand for compensation, loses its force when we consider that it was the

province of the judge alone to decide, before the trial of either demand on its merits, whether the plaintiff had a right of action for damages under article 2315 of the Civil Code, and that question depended solely upon the question of constitutionality of the Act No. 20 of 1914.

[6] On the merits of the demand for compensation, we agree with the district judge that the evidence is not so certain as to the amount of the average weekly wages the plaintiff's son had earned, nor as to the amount he contributed to her support, as to enable the court to determine what compensation, if any, should be allowed. But we are of the opinion that the district judge should have reopened the case to permit the plaintiff to introduce more evidence on those questions, instead of rendering a judgment of nonsuit. The spirit, if not the letter, of the statute should have prompted a reopening of the case rather than a dismissal of the suit for want of sufficient evidence to enable the judge to determine the rate of compensation to be allowed, when it appeared that some compensation was due. The fourth subsection of section 18 of the Employers' Liability Act declares that, in a suit for compensation under the act, the judge shall not be bound by the usual common-law or statutory rules of evidence, nor by any technical or formal rules of procedure other than as provided in the act, and that he shall decide the merits of the controversy as equitably, summarily, and simply as may be. We have concluded therefore to set aside the judgment of nonsuit on the demand for compensation and remand the case to allow the plaintiff to introduce more evidence as to the amount of the average weekly wages her son was earning and as to the amount he contributed to her support.

The judgment rejecting the demand for damages is affirmed, the judgment of nonsuit of the demand for compensation is annulled,

and the case is ordered remanded to the district court to admit more evidence as to the amount of the average weekly wages the plaintiff's son earned and the amount he contributed to her support. The appellee is to pay the costs of appeal; the costs of the district court to depend upon the final judgment.

MONROE, C. J., dissents, being of opinion that plaintiff is entitled to recover under Civ. Code, art. 2315.

See dissenting opinion of LECHE, J., 79 South. 552.