On Rehearing.
SOMMERVILLE, J.
The city of Shreveport, as subrogee of the widow and minor child of Crayton Hilburn, sued the defendant company in damages, and the suit was dismissed on an exception of no cause of action.
On appeal, this judgment was set aside, and the case was remanded for trial on the merits. 140 La. 1078, 74 South. 559.
This suit was based on an alleged subrogation by the widow and minor child of the deceased employé of the city of Shreveport in favor of the said city under and by virtue of the terms of the Workmen’s Compensation Act (No. 20 of 1914, p. 44). The court held that subrogation did not take place in favor of the city under the act referred to, but that it took place under a conventional agreement entered into between the city of Shreveport and Mrs. Hilburn. The court expressed no opinion as to the validity of the act of subrogation made by Mrs. Hilburn for her minor child.
On the last trial of the case, judgment in favor of Mrs. Hilburn individually was affirmed against the defendant company; but it was held that the conventional subrogation made by her for her minor child was null and void, and that plaintiff, the city of Shreveport, subrogee, could not recover thereon. A rehearing was granted, and we shall now consider the right of plaintiff to recover for the minor 'Hilburn,
[5] Mrs. Hilburn for herself and her minor child, had two causes of action and two debtors because of the death of Mr. Hilburn. One of the debtors was the city of Shreve *687 port and the other was the Southwestern Gas & Electric Company. The claim against the city for a small, liquidated amount, as compensation, which has been paid in part to her for herself and child by the city, and arrangements have been made to pay the balance' in monthly installments. The claim against the Southwestern Gas & Electric Company was for damages in a larger and for an unliquidated amount.
Mrs. Hilburn, in accepting payment from the city of Shreveport, the smaller debtor, entered into an agreement with it and subrogated-it to all her rights and her child’s rights in damages against the Southwestern •Gas &• Electric Company; agreeing that if the city • prosecuted the claim successfully against'the-electric company, at its own expense, she would allow it (the city) to deduct from the amount of the judgment secured against the electric company the small sum paid by the city to her for herself and minor child.
The law authorizes conventional subrogations, and there is no-reason why Mrs. Hil■burn, as tutrix of her child, should not enter into such an agreement on behalf of that child. The Code says, in article 2162, that the legal or conventional subrogation “cannot injure the creditor, since, if he has been paid but in part, he may exercise his right for what remains due, in preference to him from whom he has received only a partial payment.” And in this conventional subrogation entered into between Mrs. Hilburn and the city of Shreveport it was expressly stipulated that the city of Shreveport should pay over to Mrs. Hilburn the full amount of the judgment recovered, less that part which it (the city of Shreveport) had already paid to her for herself and minor child.
The so-called act of subrogation really was a mandate authorizing the city of . Shreveport to institute the suit for damages which were due Mrs. Hilburn and her child, with the stipulation that the city was to retain a certain portion of the amount of the judgment which might be recovered against the electric company.
Under such an agreement, there was no parting with any property belonging to the minor, nor was there any compromise of his rights. The tutrix had the undoubted right to enter into the contract without reference ,to a family meeting, and without authority from the judge.
Article 353 of the Civil Code says that—
“The tutor cannot borrow for the minor, purchase for him immovables or compromise respecting his rights, without an authority from the judge, granted on the advice of a family meeting.”
Article 3071, C. C., defines a “compromise” to be:
“A transaction or compromise is an agreement between two or more persons, who, for preventing-or putting an end to a law suit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
“This contract must be reduced to writing.”
The' lawsuit between Mrs. Hilburn and the city of Shreveport had been put an end to before the act of subrogation was made, and the judgment in that suit had been settled by the city.
In authorizing the city to sue the electric company for the amount due her and her child as damages, Mrs. Hilburn was beginning a lawsuit; she was not putting an end to one by taking something, which she preferred to the hope of gaining, balanced by the danger of losing. She had all to gain, and nothing to lose by the agreement.
The city was a debtor of Mrs. Hilburn and her child, made such by the fault of the electric company, which was also a debtor. It was to the interest of the city, under the act of subrogation, to sue the electric com•pany -for damages, and thus acquit itself of *689 satisfying the judgment rendered against it in favor of Mrs. Hilburn and child.
The city was bound with the electric company, in a certain sense, to compensate Mrs. Hilburn and her child for the death of Mr. Hilburn. It might be said to have been bound for the fault of the electric company and for a part of the debt due. The city therefore had an interest in discharging in part the debt due by the electric company to Mrs. Hilburn and her child; and, in ácting, it became legally subrogated to their rights. |
As was before said, the city clearly became j subrogated to the rights of Mrs. Hilburn ¡ and child against the electric company un- ] der the conventional subrogation. ¡
In our former opinion, we found that the ] electric company was at fault, and was lia- ] ble in damages for the death of Mr. Hilburn.! We adhere to that finding.
Defendant, in a supplemental brief, argues an exception of no cause of action which is said to have been overruled by the trial judge, and which was not urged or argued in this court on the original hearing or orally on the rehearing. One exception of no cause of action was disposed of in 140 La. 1078, 74 South. 559.
The exception is stated to have been based on section 34 of the Employers’ Liability Act, which declares:
“That the rights and remedies herein granted to an employé on account of a personal injury for which he is entitled to compensation under this act shall be exclusive of all other rights and remedies of such employé, his personal representatives, dependents, relations, or otherwise, on account of such injury.”
This limitation of the right of action by an employé and his dependents is against his employer, or the insurer of the employer, or the employer of an employer. It is a part of the “Employers’ Liability Act,” which prescribes for “the liability of an employer to make compensation for injuries received by an employé in performing services arising out of and incidental to his employment.” The act does not embrace or refer to the liability of others than employers for damages suffered by or through the fault of third persons. The act is restricted to contracts between employers and employés and to compensation by employers to employés for injuries suffered in performing services arising out of or incidental to their employment.
Section 7 of the act recognizes the right of the person injured to obtain compensation from his employer and to proceed at law for damages from third persons for his injuries; and, in the event that the injured person has recovered compensation from his employer and damages from a third person, the employer becomes subrogated to the rights of the injured party against said third person to the extent of the compensation made by the employer.
The right of the employé to compensation from his employer for perscyial injuries does not exclude the right of an injured person, to. recover damages from third persons through whose fault the damage happened.
The cases of Veasy v. Peters, 142 La. 1012, 77 South. 948, Dupre v. Coleman, 143 La. 69, 78 South. 241, Boyer v. Crescent Factory, 143 La. 368, 78 South. 596, and Philps v. Guy Drilling Co., 143 La. 951, 79 South. 549, were all eases between employés and their employers; and what may have been said therein had reference to rights of action by employés against their employers, and not against third persons for damages. The exception was properly overruled.
The judgment appealed from is affirmed, with costs.
PROVOSTY, J., dissents, adhering to original opinion.
O’NIELL, J., concurs in the decree.