(84 South. 115)

No. 22458.

WILLIAMS et al. v. BLODGETT CONST. CO.

(March 1, 1920.)

*(Syllabus by the Court.)*

Master and Servant &#8667;347—Employers' Liability Act, making remedy exclusive, is constitutional.

Rulings to the effect that section 34 of Act No. 20 of 1914 (Burke-Roberts Employers' Liability Act), making remedy afforded by that act exclusive, affirmed.

Appeal from First Judicial District Court, Parish of Caddo; R. D. Webb, Judge.

Action by Frederick Williams and others against the Blodgett Construction Company for damages for the death of John Williams, a brother. From a judgment sustaining an exception of no cause of action, and dismissing the suit, plaintiffs appeal. Affirmed.

John M. Munholland and David I. Garrett, both of Monroe, for appellants.

Fullilove & Scarborough, of Shreveport, for appellee.

MONROE, C. J. Plaintiffs, five in number, all majors, alleging that they are the brothers and sisters of John Williams, deceased, brought this suit, under the general law, for the recovery of damages alleged to have been sustained by them, by reason of his death, whilst engaged in the discharge of his functions as an employé of the defendant, in the construction of a railway bridge and as the result of defendant's negligence, and they prosecute this appeal from a judgment sustaining an exception of no cause of action and dismissing the suit. The exception is based upon the provision of Act No. 20 of 1914, known as the "Burke-Roberts Employers' Liability Act," which reads:

"Sec. 34. * * * That the rights and remedies herein granted to an employé, on account of a personal injury for which he is entitled to compensation under this act, shall be exclusive of all other rights and remedies of such employé, his personal representatives, dependents, relations, or otherwise, on account of such injury."

No question of the constitutionality of the statute, or section, thus referred to, is presented by the pleading in the case, and no counsel representing plaintiffs have appeared in this court to urge any such question. We might therefore, perhaps, assume that the appeal has been abandoned. Defendant's counsel have, however, filed a brief in support of the constitutionality of the quoted section, and, since the brief was filed, this court has expressed itself upon the subject as follows:

"We have heretofore considered, and have re-considered the question several times, whether section 34 of Act No. 20 of 1914 is violative of article 6 of the state Constitution; and we adhere to our ruling that the law is not invalid in that respect. See Whittington v. Louisiana Sawmill Co., 142 La. 322, 76 South. 754, Boyer v. Crescent Paper Box Factory, 143 La. 368, 78. South. 596, and Philps v. Guy Drilling Co., 143 La. 951, 79 South. 549." Day v. Louisiana Cent. Lumber Co., 144 La. 822, 823, 81 South. 328, 329.

The writer of this opinion did not concur in the ruling thus made and referred to, and is not now convinced of its correctness. As the organ of the court, however, he expresses the view that it is conclusive for the purposes of this case.

Judgment affirmed.