LECHE, J.
The law pertinent to the quesr tion at issue in this case is contained in section 18 of Act 20 of 1914, as amended by Act 234 of 1920, p. 441, defining the manner of proceeding in suits for the recovery of compensation under the Employers’ Liability Act.
Defendant is engaged in extracting mineral oils from the earth in the oil fields of North Louisiana, and in the conduct of its business employs many mechanics and laborers, most of whom are constantly changing from place to place, so that every succeeding pay roll shows a corresponding change of names. When served with the demand for compensation by plaintiff, defendant’s officers and attorneys, not finding plaintiff’s name on its pay ■ rolls, filed an answer setting forth that for want of information defendant neither admitted nor denied the allegations of plaintiff’s petition, but demanded strict proof thereof. Upon this answer the case was submitted. In the meanwhile and before the case was decided the defendant, having discovered that plaintiff had. never been in its employ, prayed that the case be reopened, and that it be permitted to file an amended answer.
Plaintiff opposed the reopening of the case and also objected to the filing of the amended answer. He contends that the original answer is in the nature of an admission of the correctness of his claim, and that under the Pleadings Act (No. 157 of 1912, as amended by Act 300 of 1914) he is entitled to judgment.
The trial judge overruled plaintiff’s objections, reopened the case, and tried it on the amended answer.
The Pleadings Act requires that a defendant who lacks information in regard to a fact alleged in the petition sufficient to justify a belief in regard thereto must deny the same; otherwise the plaintiff is justified in treating such fact as admitted. Section 1, subd. 2. It is under this provision of the law that plaintiff contends that he is entitled to judgment under defendant’s answer. The Legislature, however, in enacting the Employers’ Liability Act, makes it clear that suits for compensation are not subject to the exact forms of pleading nor the strict rules of evidence applicable to ordinary legal proceedings. Section 18 of the Act No. 20 of 1914, amended by Act 234, p. 441, of 1920, expressly exempts demands for compensation from these forms and rules. We believe the trial judge correctly construed the law in permitting defendant to file an amended answer, and in reopening the case.
Plaintiff was not thereby deprived of any substantial right nor misled to his detriment We see here no ground of estoppel.
On the merits it is shown that plaintiff was working in a boarding house for one J. W. Oritchel, and was scalded by hot water while tussling with another employee.
The judgment appealed from is in favor of defendant, and it is affirmed.
Rehearing refused by Division B, composed of Justices O’NIELL, LAND, and BAKER.