NO. 8939

COURT OF APPEAL

PARISH OF ORLEANS.

――――

JOHN LEMIEUX

versus

GEORGE COUSIN

――――

――――

**Court of Appeal**

FILED 4/2/23

Dinkelspiel; J.

Plaintiff institutes his original suit in the Civil District Court, alleging that defendant was indebted to him in the sum of Eleven Thousand Dollars, the cause of action being that on the morning of October 16th, 1921, whilst engaged at work acting as a tong hooker and cutting of logs one of the logs to which he had hooked his tongs in order that said log might be dragged from the swamp and loaded on the log train, became jammed with a limb of a tree and further alleging injuries to his right foot and frank lower part of his leg, which were frightfully crushed and smashed and that he suffered excruciating pain and agony, prayed for damages for injuries aforesaid caused through no negligence on his part, in the sum claimed under Civil Code Art. 2315. Subsequently plaintiff filed in this same proceeding, after answer had been filed by the defendant of disclaimer and if there were any injuries they were due to the contributory/negligence of plaintiff, a supplemental and amended petition that he was entitled under the original petition to receive the benefits of the compensation laws of this State, which included the last amendment made in August, 1920; alleging further the amount of his earnings and that he was entitled to receive sixty per cent of his wages for not exceeding three hundred weeks, prayed for permission to file this supplemental and amended petition, which order was ex parte allowed by the District Judge and which supplemental petition was not filed until after several days after the prescriptive period of one year had elapsed.

To this supplemental petition the defendant filed exceptions, the first was a misjoinder of causes of action, which were cumulated inconsistant with one another and which cannot be cumulated in one proceeding. Also exception of no cause or right of action; and finally exception that the demand for compensation comes too late, one year having elapsed from the date of the alleged injuries to the date of the filing of this supplemental

proceedings, and prays that the exceptions be maintained in so
far as/~~the expense~~ compensation/ law, and defendant be relived of
*to his right to seek*        *under the*
any liability to pleas.

On argument before the District Court, we find that the
plea or prescription was maintained as to the supplemental peti-
tion for compensation and from this judgment this appeal is had.

Under Act of the Legislature of 1920, the 2nd section,
amongst other things, provides:

"The Court in its discretion may grant further time for
filing the answer or hearing the complaint and allow amendments
to said petition and answer at any stage of the proceeding."

In the case of Philps vs. Guy Drilling Co. 143 La. 951,
amongst other parts of the decision of that case, held:

"Where supplemental petition in suit for compensation
under Act No. 20 of 1914, complying with Sec. 18 paragraph one,
a plea of prescription because original petition set forth no
cause of action, and supplemental petition was not filed within
one year after accident, was without merit."

"A demand for compensation under Act No. 20 or 1914,
was no waiver and would not be dismissed merely because urged
in the alternative and only if the Court should hold that plain-
tiff was not entitled to damage for tort under Civil Code Art.
2315."

In the case of Whittington vs. the La. Saw Mill Co.
142 La. 323. the Supreme Court held:

"Under Employers Liability Act, Sec. 18, par. 2,
granting the Court discretion to allow amendments at any stage
of the proceedings, and paragraph 4 providing that the Judge
shall not be bound by any technical or formal rules of proced-
ure other than is herein provided. plaintiff seeking to recover
for the death of the employee under the law prior to the enact-
ment of that Act should be allowed to amend to show a cause of
action under the act, especially in view of the newness of the
practic under such act.

"Under the Employers Liability Act as amended by Act 234 of 1920, providing that an answer shall be filed to the complaint and that the Judge shall not be bound by the usual rules of evidence or by any formal rules of procedure other than those provided for in the Act, an exception of no cause or right of action should be ~~xxxxxxxx~~ overruled ~~through~~ though the petition is carelessly drawn and does not technically enforce a cause of action, its general purport showing it to be for compensation for an accident."

Pierre vs. Barringer, 149 La. 71.

Under the Employers' LiabilityyAct, (Act No. 20 of 1914), Sec. 18, as amended by Act No. 234of 1920, providing that the Judge shall not be bound by technical or formal rules of procedure, etc., a defendant neither admitting or denying plaintiff's allegations for want of information was properly permitted to reopen the case and file an amended answer denying that plaintiff was in its employ, notwithstanding ~~xxx~~ pleading Act, (Act No 157 of 1912) Sec. 1, subdivision 2 as amended by Act 300 of 1914, requiring defendant lacking information to deny the fact.alleged."

Hammett vs. Gilliland Oil Co. 151 La. 70.

Under the authorities and the law quoted, the exceptions of no cause of action, together with misjoinder of causes of action plead to be inconsistant with one another are in our opinion not material and therefore both these exceptions overruled; and the further exception that the demand for compensation comes too late, the prescription period of one year having elapsed from the date of the alleged injuries to the date of the filing of this supplemental proceeding, in so far as it affects the claim for compensation is also overrulled for the reasons and the authorities herein cited.

We are of the opinion further that the cause of action as stated in the original petition remains unchanged in so far as the supplemental petition is concerned, except for the fact that the injuries are identical, but that the remedy is different,

868

but the result if reached, and the conclusion from the evidence to be taken remains the same.

For the reasons assigned, it is ordered, adjudged and decreed, that the judgment maintaining the exceptions of no cause of action, misjoinder of causes of action, and the prescription of one year, be and the same are hereby overruled, and the exceptions are without merit, and therefore cannot be entertained.

It is further ordered, adjudged and decreed, that this case be remanded to the Civil District Court for further proceedings and be tried on its merits in accordance with the views herein expressed.

It is further ordered, adjudged and decreed that the defendants pay costs of this appeal and all other costs to await the final action of the Court.

Judgment reversed, and case remanded for trial on its merits.

*I respectfully dissent*

*Geo. H. Bell.*
*Judge*