## WISINGER v. WHITE OIL CORPORATION.

Circuit Court of Appeals, Fifth Circuit.
February 8, 1928.

No. 5150.

Master and servant ⊘367—Owner of oil leases held liable under Compensation Act, not under general tort statute, for death of operators' employee, irrespective of whether operators were sublessees or independent contractors (Workmen's Compensation Act La. § 1, subd. 2 [a], and § 6, as amended by Act No. 38 of 1918).

Where one owning leases to oil fields was obliged to develop and operate fields turned over by him to others under agreement whereby profits were shared, and equipment was transferred to such other parties to be used by them in operating the oil leases, owner of leases was liable, under Workmen's Compensation Act La. (Act No. 20 of 1914) § 1, subd. 2 (a), and section 6, as amended by Act No. 38 of 1918, for death of one employed in the work due to explosion of steam boiler, irrespective of whether persons undertaking the operation of the wells were sublessees or independent contractors, and therefore no recovery could be had against owner of leases, for death of such employee under general tort statute.

In Error to the District Court of the United States for the Eastern District of Texas; W. Lee Estes, Judge.

Action by Mrs. Mae Wisinger against the White Oil Corporation to recover damages for death under the general tort statute of Louisiana, and in the alternative for compensation, under the Workmen's Compensation Law. From a judgment allowing plaintiff recovery under the Compensation Law only, plaintiff brings error. Affirmed.

S. P. Jones and Barret Gibson, both of Marshall, Tex. (Franklin Jones, on the brief), for plaintiff in error.

T. M. Rowland, of Fort Worth, Tex., for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Defendant in error, hereafter called defendant, was the owner of certain oil leases on land in Caddo parish, La., which obligated it to drill wells and to develop the property and pay royalties to the owners of the land. A number of paying wells had been brought in, and defendant entered into a written contract with Cockerham and Blackstock to operate the property for 75 per cent. of the residue of the oil produced after paying the royalties. The equipment on the property belonging to defendant, including a steam boiler, was turned over to Cockerham and Blackstock, and was used by them in operating the oil leases. On July 27, 1923, the boiler above referred to exploded, and the husband of the plaintiff in error, hereafter called plaintiff, was so badly injured thereby that he died shortly thereafter.

Plaintiff brought suit to recover damages under the general tort statute of Louisiana, and in the alternative for compensation under the Workmen's Compensation Laws of Louisiana. After various proceedings, which are unnecessary to set out, the jury was waived and the case submitted to the judge, who reached the conclusion that liability was governed by the Compensation Law, and awarded a judgment of $964.05. Error is assigned to the refusal of the court to find as a matter of law and fact that the case was governed by the general tort statute of Louisiana, and to enter judgment accordingly.

It is frankly conceded by plaintiff that, if the Compensation Laws apply, the judgment should be affirmed; but it is contended that the contract between defendant and Cockerham and Blackstock is a lease, and not an agreement constituting them independent

contractors, and therefore the deceased was not covered by them. Under the Workmen's Compensation Laws of Louisiana, Act No. 20 of 1914, § 1, subd. 2 (a), any one operating an oil or gas well is governed by its terms, and section 6 of said act, as amended by Act No. 38 of 1918, provides as follows:

"Section 6. Be it further enacted, etc., That where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work under-. taken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or his dependent any compensation under this act which he would have been liable to pay if that employee had been immediately employed by him. * * * "

Had Wisinger been defendant's employee, plaintiff's recovery would have depended entirely on the Compensation Law. Philps v. Guy Drilling Co., 143 La. 951, 79 So. 549. It is certain that defendant was in the business of drilling and operating oil wells, and was obligated to develop and operate the field turned over to Cockerham and Blackstock. There is no doubt they were doing for defendant the work it was obligated to do, and it is therefore immaterial whether they be classed as sublessees or independent contractors. Under the above-quoted section of the Compensation Laws, the liability of plaintiff is the same. See Holton v. Tall Timber Lumber Co., 148 La. 180, 86 So. 729; Spencer v. Marshall, 107 Kan. 264, 191 P. 468.

The record discloses no reversible error. Affirmed.