McINNIS, Judge.
This is an action ex delicto for personal injury and loss of property, allegedly sustained by the plaintiff as a result of a truck collision between' a truck owned by, and being operated by plaintiff with a truck owned by D. E. Colvin and being operated by J. A. Milam, on May 18, 1950. Made defendants are L. M. Winford, Home Indemnity Company and D. E. Colvin.
Plaintiff alleges that at the time of the collision, he was employed by Winford to use his truck in hauling gravel from a gravel pit near Jena, Louisiana, to points designated by Winford, receiving compensation for his services and the services of his truck at the rate of $9 per load; that at the time of the collision he had a load of gravel on his truck and was hauling it from the gravel pit to a place designated by Win-ford, along the route he was instructed to follow by Winford; that Milam was operating a truck owned by D. E. Colvin, pursuant to an oral agreement between Col-vin and Winford, whereby Colvin was to furnish a truck and driver for hauling gravel from the pit near Jena to a point designated by Winford, for a stipulated consideration per load; that at the time of the collision Milam was working under the joint direction and control of Winford and Colvin, while operating the truck owned by Colvin, under the oral agreement of Colvin and Winford; that the collision was the result of the negligence of Milam, set forth in detail in the petition; that plaintiff is being paid compensation under provisions of the Workmens’ Compensation Statute, LSA-R.S. 23:1021 et seq., by Win-ford and his compensation insurer, Coal Operators Casualty Company.
He alleges that all of the defendants are indebted to him in solido for his property loss in the sum of $3,521.39, and .that Col-vin is indebted to him individually for his personal injury, pain and suffering and loss of earnings in the total sum of $284,070.
In the alternative, and in the event the Court should find the plaintiff was not working under.the supervision and control of Winford, but was an independent contractor, and that Milam was working under the supervision and control, and as the agent and employee of Winford, that then and only in that event, all of the defendants are indebted to him in solido,, for his property loss and personal injuries, in the sum of $287,591.39.
To this demand Winford and Home Indemnity Company appeared by counsel and excepted to the petition on the ground that it discloses no cause and no right of action as to appearers, which exception, after hearing, was sustained, and plaintiff has taken a devolutive appeal.
Colvin also filed, through his counsel, an exception of no cause and no right of action, which was overruled, and he then answered plaintiff’s petition. We are not now concerned with Colvin’s exception.
The sole question here is whether or not plaintiff’s petition discloses a cause and right of action against the defendants, Winford and his insurer, Home Indemnity Company. In considering the question, all well pleaded allegations of fact contained in the petition are admittedly true. The question is: May plaintiff recover from these two defendants, if he is able, on a trial of the case, to prove all the allegations of fact alleged?
The demands are for judgment against Winford and his insurer and D. E. Colvin for $3,521.39 for property damage, and against Colvin individually for $284,070 for personal injury. The demand for judgment against all of the defendants for all of his alleged damages is made in the alternative, as set out supra.
The allegations of the petition make it clear that plaintiff was either an employee of Winford or an independent contractor, the major portion of whose duties consisted of manual labor, and it is alleged that *791 he is being paid compensation by Winford and his compensation insurer, under the provisions of Act 20 of 1914, as amended.
Defendants Winford and Home Indemnity Company say that the allegations as to Milam’s employment conclusively show that he was either an employee of Winford or an independent contractor, or the employee of an independent contractor, and that, in either event, plaintiff cannot recover from Winford for any property damages allegedly sustained by him, because:
(a) “If Milam was an employee of Winford’s, then he was a fellow servant of the plaintiff, and, under the law of Louisiana, an employer is not responsible to an employee for any damages sustained by such employee on account of the negligence of a fellow employee or servant.
(b) “If Milam was not an employee of Winford’s, but was either an independent contractor or the employee of an independent contractor, then no liability can be imposed upon Winford, because in such cases the doctrine of respondeat superior does not apply so as to make Winford liable for any derelictions of Milam.”
Counsel say that the courts have, in certain cases, experienced some difficulty in determining whether the relation between plaintiff and defendant was that of employee and employer or principal and independent contractor, but that the facts here alleged fall within the pattern of Litton v. Natchitoches Oil Mill, Inc., La.App., 195 So. 638, Collins v. Smith, La.App., 13 So.2d 72 and Deason v. Coal Operators Casualty Company, La.App., 43 So.2d 630, and the cases cited therein, but that, in any event, whatever difficulty which cases of this character may have presented as to the nature of the relationship between parties as affecting the applicability of the Workmen’s Compensation Law has now been set at rest by the provisions of Act 179 -of 1948, amending Section 3 of Act 20 of 1914, LSA-R.S. 23:1021(6), providing that, if a substantial part of the working time of an independent contractor is spent in manual labor in carrying out the terms of the contract, the independent contractor is expressly covered by Act 20 of 1914, as amended, and that being expressly covered by the Act, he is necessarily subject to all of its provisions, including section 34, as amended by Act 38 of 1918, LSA-R.S. 23 :- 1032, providing that the rights and remedies provided by Act 20 of 1914, as amended, LSA-R.S. 23:1021 et seq., shall be exclusive of all other rights and remedies, and, since plaintiff is clearly covered by the Compensation Act, he can have no cause .of action against Winford under Article 2315, LSA-C.C., for his personal injuries.
It is further urged that Milam’s relationship being either an employee of Winford doing the same work as plaintiff, or an independent contractor, or an employee of an independent contractor he cannot recover for his alleged property damage, because, if he falls in the first category, he was a fellow employee of Shumake and cannot recover on account of negligence of his fellow employee. That if he is in the second category, Milam alone would be responsible, and, if in the third category, Milam and Colvin would be liable in solido to plaintiff for Milam’s negligence.
In support of the contention that plaintiff’s remedy, under the allegations of the petition, is exclusively governed by Act 20 of 1914, as amended, the following cases are cited: Labourdette v. Doullot & Williams, 156 La. 412, 100 So. 547; Williams v. Blodgett Construction Co., 146 La. 841, 84 So. 115; Burson v. Ohio Oil Co., 6 La. App. 739; Ross v. Cochran & Franklin Co., 10 La.App. 719, 122 So. 141; Jackson v. Southern Kraft Corp., La.App., 183 So. 135; Liner v. Riverside Gravel Co., 13 La. App. 664, 127 So. 146; Philps v. Guy, 143 La. 951, 79 So. 549; Thaxton v. L. R. & N. Co., 153 La. 292, 95 So. 773; Dandridge v. Fidelity & Casualty Co., La.App., 192 So. 887; Spanja v. Thibodaux Boiler Works, La.App., 2 So.2d 668; Atchinson v. May, 201 La. 1003, 10 So.2d 785.
In support of the argument that no recovery can be had by plaintiff, because he *792 and IMilam were both employees of Win-ford, and therefore fellow employees, is cited Duke v. Dixie Bldg. Material Co., La.App., 23 So.2d 822 and cases there cited. While the fellow servant and borrowed servant doctrine is thoroughly discussed and authorities cited, the case had been tried on the merits, and a plea of contributory negligence on the part of plaintiff was maintained and the suit was dismissed for that reason. Spanja v. Thibodaux Boiler Works, La.App., 2 So.2d 668 cited in the Duke case is more in point.
Plaintiff in brief says that at the time suit was filed plaintiff was being paid compensation, but that since the suit was filed the compensation claim was settled by a compromise, on the ground that a dispute existed as to whether or not plaintiff was an employee, there being no question that he is totally disabled. We must take the pleadings as we find them. There is nothing in the pleadings to the effect that the compensation claim has been compromised. In the petition it is alleged that plaintiff is being paid compensation and that he has notified Winford and his insurer of the filing of this suit. Plaintiff in brief argues that in support of his alternative allegation he should be allowed to hold these appel-lees in court for a trial on the merits to ascertain the status of plaintiff and Milam. The alternative allegation is as follows:
“In the alternative and only in the event this Court should find that petitioner was not working under the supervision and control of L. M. Winford and thus was an independent contractor and that the said J. A. Milam was working under the supervision and control of L. M. Winford and as an agent and employee of said L. M. Winford, then and only in that event, petitioner alleges that The Home Indemnity Company, D. E. Colvin and L. M. Winford are indebted unto your petitioner, in solido, for property damage and personal injuries, as itemized in Articles 32 and 33 hereof in the sum of Two Hundred Eighty-Seven Thousand Five Plundred Ninety-One and 39/100 ($287, 591.39) Dollars, together with legal interest thereon.from date of judicial demand until paid.”
, It is to be noted that plaintiff does not allege that in the alternative that he was not working under the control of Winford and was thus an independent contractor,, and that Milam was working under the control of Winford, but instead says that only in the event the court finds that situation, presumably after a trial on the merits.
We believe plaintiff is bound by the allegations of his petition, stating that he was hauling the gravel from the pit near Jena to points designated by Winford, and that his status was the same as that of Collins, set forth in Collins v. Smith, Supra, and, under the pleadings here, his exclusive remedy against Winford is that provided by Act 20 of 1914, as amended.
We believe plaintiff is also bound by the allegations as to Milam, and that under any one of thrée categories in which Milam might fall, there can be no liability on Win-ford under Art. 2315, LSA-C.C.
For these reasons, the judgment appealed from is affirmed at the cost of plaintiff-appellant in both courts.