## PARHAM v. STANDARD OIL CO. OF LOUISIANA.

(District Court, N. D. Mississippi, E. D.   September 17, 1921.)

1. **Master and servant ⬥347—Louisiana Compensation Act constitutional.**
   The Workmen's Compensation Law of Louisiana is constitutional.

2. **Master and servant ⬥358—Louisiana Compensation Act effective against employé, in absence of express stipulation.**
   The Workmen's Compensation Act of Louisiana becomes effective by operation of a legal presumption under section 3 as against an employé who begins work without expressly stipulating against the provisions of the act, and can thereafter be terminated only by written notice given not less than 30 days prior to the accident to either party, under paragraph 4.

3. **Master and servant ⬥359—Election by minor's father after accident held in time, under Louisiana Compensation Act.**
   Where employé was under the age of 18 years and was without a curator or tutor, and where neither the father, mother, nor the court terminated the operation of the Workmen's Compensation Act of Louisiana as to the employé, on the employé's behalf, prior to the accident, under section 3. par. 6, the father may, even after the injury, elect, on the employé's behalf, to make the act inoperative as to such employé, under section 16, providing that, in case injured employé is a minor at the time when the right to terminate the operation of the act accrues to him, no limitation of time shall run so long as he has no curator or tutor: section 3, par. 4, requiring written notice to terminate operation of the act not less than 30 days prior to accident, being inapplicable in such case.

4. **Master and servant ⬥358—Suit by minor's father held an election under Louisiana Compensation Act.**
   Father of injured employé under 18 years of age, who was without tutor or curator, by filing suit against employer, exercised the right on behalf of the employé to terminate the operation of the Workmen's Compensation Act of Louisiana, written notice provided for in section 3 being unnecessary, since the law does not require the doing of an idle or useless thing.

At Law. Action by Roy P. Parham against the Standard Oil Company of Louisiana. On demurrer to complaint. Demurrer overruled.

W. D. & J. R. Anderson, of Tupelo, Miss., for plaintiff.

Green & Green, of Jackson, Miss., and Leftwich & Tubb, of Aberdeen, Miss., for defendant.

HOLMES, District Judge. [1] The Workmen's Compensation Law of the state of Louisiana (Act No. 20 of 1914, as amended by Act No. 243 of 1916 and Act No. 38 of 1918) is constitutional. Paragraph 3 of section 3 of this law is broad and sweeping enough in its terms to embrace a minor under the age of 18 years, and consequently the plaintiff in this case, who entered the employment of the defendant without expressly stipulating against the application of said section 3, is bound by its provisions unless he relieves himself from the presumption of section 3 as provided by paragraphs 4 and 6. Admittedly no such election to terminate the provisions of paragraph 3 was exercised by the plaintiff in the manner provided by paragraph 6 prior to the injury. Paragraph 4 of section 3 provides that any agreement or election for the operation of the provisions of the act may be terminated by either party to the contract of hiring giving written notice to the other party

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

not less than 30 days prior to the accident that the provisions of the act shall not apply.

[2] It seems very clear, under said paragraph 3, that when an employé begins work without expressly stipulating against the provisions of the act, it becomes effective by operation of a legal presumption. After the act takes effect as to any employment, it can only be terminated by "written notice given not less than 30 days prior to the accident to the other party." Of course the act cannot be "terminated" unless its operation has previously begun. The right to terminate the operation of the act is "a right, privilege or election" which accrues to the employé under the act, but by paragraph 4 of section 3 this termination must take place by written notice not less than 30 days prior to the accident. This is a limitation of time provided in the act within which the right to terminate the operation of the act shall expire. It applies to all persons over the age of 18 years mentally competent to act for themselves and to all minors and persons non compos mentis who have a curator or tutor, but, under section 16, "in case an injured employé is mentally incompetent or a minor" at the time when the right to terminate the operation of the act accrues to him, "no limitation of time" shall run so long as such incompetent has no curator or tutor.

The plaintiff in this case is an injured employé and a minor under the age of 18 years without a curator or tutor. It is, therefore, difficult to see why, under said paragraph 6, his father cannot elect, even after the injury, to terminate the provisions of the act with reference to his injury when section 16 provides that in case an injured employé is a minor at the time when any right, privilege, or election accrues to him under the act, his duly qualified curator or tutor may, in his behalf, claim and exercise such right, privilege, or election, and that "no limitation of time" shall run so long as such minor has no curator or tutor. The only limitation of time on the right to terminate is that provided in said paragraph 4. It is worthy of comment that notice to terminate an agreement to work under the act requires 30 days' time prior to the accident under paragraph 4, but an employé who has given notice to his employer, or an employer who has given notice to his employé, that he elects not to be subject to the provisions of the act, may waive such election, under paragraph 5, "by a notice in writing *which shall take effect immediately.*"

This shows an intention on the part of the lawmakers to facilitate the operation of the act. In the first place, under said paragraph 3, in the incipiency of the employment, the burden of preventing the act from operating is placed upon the party objecting to its provisions, and inaction on the part of both gives effect to the act. In the second place, when the act has once taken effect by any agreement or election, express or implied, it requires written notice not less than 30 days prior to the accident to the other party that the provisions of the act shall no longer apply. But, on the other hand, under said paragraph 5, when one of the parties has elected not to be under the act, he may waive such election by a notice in writing which shall take effect immediately. In other words, under paragraph 5, such waiver of an elec-

tion not to come under the act might take place even after the injury and would take effect immediately. Thus the operation of the act is favored by making its provisions optional at all times, unless some of the parties to the employment give written notice either at the time of the contract of hiring or not less than 30 days prior to the accident that the act shall not apply, but the right to terminate the operation of the act after the accident has occurred is saved only in favor of injured employés who are mentally incompetent or minors without curators or tutors.

The language of section 16, standing alone, might include a minor over the age of 18 years, but paragraph 6 of section 3 clearly shows an intention to emancipate such a minor in so far as his right of election or termination or waiver is authorized by the act.

[3, 4] I conclude, therefore, that as neither the father, mother, nor the court had exercised on behalf of the plaintiff the right of termination under paragraph 6 prior to the accident, and as the plaintiff neither has nor had any tutor, that the father may exercise this right after the accident, and that by filing suit he has exercised it and rendered unnecessary giving written notice, as the law never requires the doing of an idle or useless thing.

The demurrer will be overruled.