### STANDARD OIL CO. OF LOUISIANA v. PARHAM.

(Circuit Court of Appeals, Fifth Circuit. May 2, 1922.)

#### No. 3814.

1. **Master and servant ⬤═358—Presumption of election under Louisiana Compensation Act does not arise before parent of minor employee had time to elect.**

Under Workmen's Compensation Act La. (Act No. 20 of 1914) § 3, par. 3, as amended by Act No. 38 of 1918. creating a presumption employment is made subject to the provisions of that act, unless either party gives notice to the other of an election to the contrary, and paragraph 6, providing that the election for an employee under the age of 18 shall be made by his parents. tutor. or by the court. the presumption of election to work under the act does not apply, where the contract of employment was made

by a boy of 17 without his parents' knowledge, and the employee was injured before his parents knew of his employment, or had an opportunity to make their election.

2. **Master and servant** &mdash;358—**Elective provisions of Louisiana Compensation Act held inapplicable.**

The provisions of the Louisiana Compensation Act as to terminating the operation of its provisions do not apply, where the employee was injured and his services came to an end before the act became applicable to his employment by the exercise by an authorized person of the right of election.

3. **Master and servant** &mdash;358—**Election not to take under Compensation Act manifested by action for damages.**

Even if the parent of a minor, who was injured in the course of his employment before the parent had an opportunity to make his election as to whether the employment should be under the Compensation Act, was required to make such election thereafter, an election that the act should not apply was sufficiently manifested by bringing a suit to recover damages.

4. **Master and servant** &mdash;153(2)—**Unwarned minor employee, injured by boiler explosion, held entitled to recover.**

Evidence that a boiler explosion, by which plaintiff was injured, resulted from a defective condition of the boiler, attributable to the negligence of the employer, and that plaintiff was an inexperienced boy, hired without the consent of either of his parents, and was not warned of the danger to which he was exposed by reason of the defective condition of the boiler, was sufficient to warrant the refusal of a request to direct a verdict for defendant.

In Error to the District Court of the United States for the Northern District of Mississippi; Edwin R. Holmes, Judge.

Action at law by Roy P. Parham, by his father, as next friend, against the Standard Oil Company of Louisiana. Judgment for plaintiff (275 Fed. 1007), and defendant brings error. Affirmed.

Marcellus Green and Garner W. Green, both of Jackson, Miss., and Hunter C. Leake and Arthur A. Moreno, both of New Orleans, La. (C. O. Swain, of New York City, on the brief), for plaintiff in error.

W. D. Anderson and J. R. Anderson, both of Tupelo, Miss., for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. This was an action by the defendant in error (herein referred to as the plaintiff), a minor 17 years of age, suing by his father as next friend, against the plaintiff in error (herein referred to as the defendant), to recover damages for personal injuries caused by the explosion of a boiler, while the plaintiff was acting as a fireman employed by the defendant and engaged with other employees of the defendant in drilling a well in the Homer oil field in the state of Louisiana.

The right of the plaintiff to maintain the action was controverted unsuccessfully on the ground that his exclusive remedy is under the Workmen's Compensation Law of Louisiana, being Act No. 20 of the Laws of Louisiana of 1914, and amendments thereto (Act No. 38 of 1918). Paragraph 1 of section 3 of that act contains a provision to

the effect that the act shall not apply to any employer or employee, unless, prior to the injury, they shall have so elected by agreement, either express or implied, as provided in succeeding portions of the act. The following are the other provisions of the act claimed to have a bearing on the question raised:

"Section 3. * * *

"3. Every contract of hiring, verbal, written or implied between an employer or any employee engaged in any trade, business or occupation specified in paragraph 2 of section 1, or engaged in any trade, business or occupation that may be determined to be hazardous under the operation of paragraph 3 of section 1, made subsequent to the time provided for this act to take effect, shall be presumed to have been made subject to the provisions of this act, unless there be as a part of said contract an express statement in writing either in the contract itself or by written notice by either party to the other, that the provisions of this act other than sections 4 and 5 are not intended to apply, and it shall be presumed that the parties have elected to be subject to the provisions of this act and to be bound thereby, unless such election be terminated as hereinafter provided.

"4. Any agreement or election, either express or implied, or presumed under the provisions of paragraph 2 or paragraph 3 of this section, between an employer and any employee engaged in any trade, business or occupation specified in paragraph 2 of section 1, or engaged in any trade, business or occupation that may be determined to be hazardous under the operation of paragraph 3 of section 1, for the operation of the provisions of this act may be terminated by either party to the contract of hiring giving written notice not less than thirty days prior to the accident to the other party of such contract that the provisions of this act other than sections 4 and 5 shall no longer apply. * * *

"6. Any employee of the age of eighteen and upwards engaged in any trade, business or occupation specified in paragraph 2 of section 1, or engaged in any trade, business or occupation that may be determined to be hazardous under the operation of paragraph 3 of section 1, shall himself exercise the right of election or termination or waiver authorized by this section. Such right of election or termination or waiver shall be exercised on behalf of any employee under the age of eighteen by either his father, mother or tutor, or if neither of these can readily be gotten to act, then by the court," etc.

"7. Where notice is to be served upon one who is under the age of eighteen years, said notice must be served upon either the father, mother, or tutor of the said individual under the age of eighteen years.
* * * * * * * * *

"Section 16. Be it further enacted, etc., that in case an injured employee is mentally incompetent or a minor or where death results from the injury, in case any dependent as herein defined is mentally incompetent or a minor, at the time when any right, privilege or election accrues to him under this act, his duly qualified curator or tutor, as the case may be, may, in his behalf, claim and exercise such right, privilege or election, and no limitation of time, in this act provided for. shall run, so long as such incompetent or minor has no curator or tutor as the case may be."

The occupation in which the plaintiff as an employee was performing services at the time he was injured is within the description of the hazardous occupations to which the act by its terms is made applicable. The defendant employed the plaintiff without the consent of any one other than the plaintiff himself acting in his behalf, and the plaintiff suffered the injuries complained of during the first night he acted as fireman, and before either of his parents, who live in Mississippi, was informed that he was so employed. An intention that the provisions of the Louisiana Compensation Act were not to apply was

r ot expressed in the manner prescribed in the above quoted subdivision 3 of section 3 of that act.

[1] For the defendant it is contended that, though the plaintiff was under 18 years of age when he was hired and when he was injured, under that provision of the act, which by its terms embraces "every contract of hiring, verbal, written or implied between an employer or any employee engaged" in an occupation such as the one in which the plaintiff was engaged when he was injured, made after the act took effect, the hiring of the plaintiff was made subject to the provisions of the act, as an election that the provisions of the act should not apply was not made in the manner prescribed. We do not think that the language of that paragraph indicates an intention to make a hiring subject to the provisions of the act when the person hired is without legal capacity to make the election provided for and is injured in the course of his employment before any one who is empowered to make the election has knowledge or notice of the hiring. From the language used it well may be implied that it was contemplated that the election provided for should be made by one legally competent to waive the rights the employee would have had under the law if the compensation statute had not been passed. There is nothing to indicate that the lawmakers intended to empower the person hired to waive those rights by nonaction if he was without legal capacity to bind himself by express contract to that effect. The terms of the act keep it from applying without the consent or agreement, express or implied, of the employee or, if he is under a disability, of some one authorized to act in his behalf in that regard. Philps v. Guy Drilling Co., 143 La. 951, 79 South. 549.

Standing by itself paragraph 3 of section 3 of the act does not disclose a purpose to make the provisions of the act apply as a result of the action or nonaction of an employee not possessing legal capacity to bind himself by an agreement or election to be governed by the act. When that paragraph is considered in connection with the above set out paragraph 6 of the same section, we think it is quite apparent that the plaintiff, being under 18 years of age, was without power, by his action or inaction, to make the hiring of himself subject to the provisions of the act. The purpose of the provision withholding from an employee under 18 the right of election or waiver, and making that right exercisable by such employee's father, mother or tutor, or by the court, would be defeated by giving to a hiring of such minor by himself alone the effect of raising a presumption that such hiring was made subject to the provisions of the act.

[2, 3] The provisions of the act never having become operative as to the plaintiff, before he was hurt and his services came to an end, by the exercise by an authorized person of the right of election given, the clauses of the act as to terminating the operation of its provisions are not applicable to this case. Even if the right given to the plaintiff's father to elect whether the act should or should not apply to the hiring of the plaintiff was exercisable after the plaintiff sustained the injuries complained of, an election that the act should not apply was sufficiently manifested by the bringing of this suit. But the terms of

the act keep it from applying to an injured employee, where, prior to the injury, there was no such election, by or in behalf of the employee, by agreement, express or implied, as the act contemplates.

[4] There was evidence tending to prove that the explosion which caused the injuries complained of resulted from a defective and dangerous condition of the boiler, which was attributable to a negligent failure of the defendant to exercise proper care; that the plaintiff, a minor as above stated, was inexperienced in the work for which he was hired without the consent of either of his parents, and was not warned of and did not appreciate the danger to which he was exposed by reason of the defective condition of the boiler, which rendered unsafe the place at which he was required to work and was working when he received the injuries complained of. There being such evidence, the court did not err in refusing the request that a verdict in favor of the defendant be directed. Fuchs v. K. C. R. R., 132 La. 782, 61 South. 790; White v. Milling Co., 133 La. 870, 63 South. 385; Boldt v. Pennsylvania R. Co., 245 U. S. 441, 38 Sup. Ct. 139, 62 L. Ed. 385.

The record does not show any reversible error. The judgment is affirmed.