No. 3541

Second Circuit

ROSS ET AL. v. COCHRAN & FRANKLIN CO., INC.

(May 8, 1929. Opinion and Decree.)

720

Munholland and Munholland, of Monroe, attorneys for plaintiffs, appellees.

Smith and McGregor, of Rayville, attorneys, for defendant, appellant.

ODOM, J. Alfred Ross, colored, a minor 16 years, 8 months and 19 days old, was employed by the defendant company to do work in and about a stave mill, the employment being admittedly hazardous. On the tenth day after he was employed and while engaged in work at the mill, he received an accidental injury resulting in the loss of three-fifths of his left foot. The father and mother of the minor brought this suit for damages, for the use and benefit of the son, under Article 2315 of the Civil Code, alleging that the injury was due wholly to the fault and negligence of defendant; but in the alternative asked that in case the Court should find and hold that the employment came under and was governed by the Workmen's Compensation Acts, then that the minor be awarded such compensation as those acts warrant.

Answering the suit for damages, the defendant company plead contributory negligence on the part of the employee in bar of recovery, setting up that the accident and resulting injury were due solely to the fault and negligence of the employee; and as to plaintiffs' alternative demand for compensation under the Workmen's Compensation Acts, defendant plead estoppel, setting up that inasmuch as plaintiffs had brought this suit for damages under Article 2315 of the Code, they have no other remedy.

The District Judge rejected plaintiffs' demand for damages, but awarded compensation at 65 per cent of the employee's wages for 100 weeks, giving credit for the

amounts paid. Defendant 'appealed. Plaintiffs answered the appeal asking that the judgment be so amended as to allow damages, as prayed for, and, in the alternative, should the Court hold that plaintiffs are entitled to recover under the compensation acts, then that the judgment be affirmed.

## OPINION

The District Judge gave consideration to plaintiffs' demand for damages and for reasons assigned in a written opinion, for which we are indebted to him, held that plaintiffs could not recover under Article 2315 of the Civil Code, and we fully concur in his views. Considering the action for damages on its merits, the testimony shows that the accident and resulting injury were due to no fault of the defendant company, but solely to the fault and negligence of plaintiffs' son, the employee.

There is another reason why plaintiffs can not recover damages and that is that the contract of employment falls under and is governed by the compensation acts. Such being the case, plaintiffs have no remedy except that which is prescribed by those acts. See Section 34, Act 20 of 1914, as amended by Act 38 of 1918.

Phillips vs. Guy Drilling Co., 143 La. 951, 79 So. 549.

Whittington vs. Louisiana Saw Mill Co., 142 La. 322, 76 So. 764.

Defendant's plea of estoppel cannot be sustained. Plaintiffs brought this suit for damages under Article 2315 of the Civil Code, and, in the alternative, asked that in case the Court should hold that the contract of employment was governed by the Workmen's Compensation Acts, that they should be awarded compensation as provided therein. The identical question here raised was considered and settled in the case of Phillips vs Guy Drilling Co., supra.

There is some suggestion that the contract of hiring in this case did not fall under the compensation acts, but we think it does.

While the boy stated to Jones, who employed him, and to a physician, who treated him after the injury, that he was 19 years old, the testimony of the father, mother and of others shows that he was only 16 years, 8 months and 19 days old when injured. But the compensation law applies to minor employees, unless they be under the minimum age provided by law for the employment of minors in hazardous occupations, which age is 14 years, as fixed in Section 1, Act 301 of 1908. See Paragraph 4, Section 3, Act 20 of 1914, as finally amended by Act 85 of 1926, Paragraph 6, Section 3.

The boy was employed without the knowledge or consent of his parents, both of whom were living. He was injured on the tenth day after having been employed, but there was no election by agreement between him and his employer previous to the injury that the contract should be subject to the provisions of the Workmen's Compensation Acts, and it is now suggested that inasmuch as there was no such election by agreement between the parties, the acts do not apply. The injury, as stated, was sustained on the tenth day after the contract of employment was entered into and we do not think that it was necessary that such agreement be made because in the original act and each of its amendments, including Act 85 of 1926, it is specifically provided that the parties shall be presumed to have elected by the contract of employment to be subject to the provisions of that law. In the case of Phillips vs. Guy Drilling Co., supra, the Court held that where there was

no notice between the parties that the act should not apply, an accident occurring within 30 days after the act of employment was not excluded, overruling the case of Woodruff vs. Producers Oil Co., 142 La. 368, 76 So. 803, to the contrary.

However, if such an election by agreement was necessary between the parties as a condition precedent to the application of the act, and, if it be conceded, as argued by counsel, that the minor, being without capacity to contract, could not for that reason make such election, we hold that such election was made for him by his parents.

The compensation act, as finally amended, provides that if the employee be 18 years of age and upward, he shall make the election for himself, but if under 18, such right of election shall be made by his father, mother or tutor, and, if neither of these can be readily gotten to act, then by the Court. This applies, of course, only to cases where an election to come under the Act or not be bound thereby was necessary.

The conduct of the parents of the minor in this case shows conclusively, we think, that they intended not only to ratify the contract of employment, but that it should be governed by the compensation act. The boy was employed to work at a mill within five miles of where his parents lived; and, while they had no knowledge of his employment originally, the testimony shows that they were informed two days before the accident that he was so employed, and they made no protest, although, as stated, they lived only about five miles from the place where their son was at work, which place was easily reached over a graveled highway, and the parents owned an automobile. Furthermore, after the minor was injured, the employer, under the assumption that the contract of employment was governed by the act, took charge of the injured employee, furnished at his own expense medical and surgical aid, paid his board and lodging, and in addition thereto, paid him compensation under the act for 11 weeks—all with the full knowledge and approval of the parents. As to the amount of compensation, we think the lower court correctly held that he was entitled to 65 per cent of his weekly wages for 100 weeks. His left foot was cut in two, across the instep or arch, by a saw. The front part of his foot, almost back to the ankle, is gone. He has almost, but not quite, lost the use of his foot. The lower court holding that the usefulness of the foot, a physical function, was seriously and permanently impaired, awarded compensation for 100 weeks, under Paragraph 16, Section 8, Act 85 of 1926.

Counsel for the defendant company contend that compensation should be granted for only 62½ weeks, their theory being that, if the employee had lost his foot, he would be entitled to compensation for 125 weeks, and, as only one-half of it was cut off, he should be given only 62½ weeks, under Paragraph 15, Section 8, of the act which provides that in all cases "involving the permanent, partial loss of the use of function of a member, mentioned hereinabove, compensation shall bear such proportion to the amounts named herein for the total loss of such member as the disability to such member bears to the total loss of the member."

It is true, as argued by counsel, that if the employee has lost one-half the use of the foot, he should be given only 62½ weeks' compensation. But, while he lost, physically, only about one-half, or, as the doctor said, about three-fifths of his foot, the loss of that part has practically destroyed the use of the foot. It is impos-

sible to state from the evidence just what proportion of the use of the foot the employee has lost. However, if it be necessary to decide that point, we should hold that he has lost a great deal more than one-half the use of his foot. We think the compensation was correctly based upon that section of the statute which provides compensation for the permanent impairment of a physical function.

The employee was receiving $2.25 per day, or $13.50 per week, and is entitled to five per cent of that amount for 100 weeks, less the amounts already paid. In stating the amounts already paid, the judgment shows a slight error of one payment—there have been eleven instead of ten payments made. The judgment is clear that the Court intended to allow weekly compensation for 100 weeks, less the payments which are shown by the receipts. For this reason, no amendment of the judgment is necessary.

For the reasons assigned, the judgment appealed from is affirmed, with costs in both courts.