The plaintiff in this case, the father of the fifteen year old minor, Donice S. Ballard, brought this suit to recover for himself the sum of $1,067.40 for medical and hospital expenses incurred by him on account of injuries received by his minor son, and the sum of $25,000 on behalf of his minor son for the injuries which the latter received in an accident on July 10, 1941, while operating a motorcycle in delivering *Page 533 
articles for the defendant drug company.
It is alleged in the petition that the accident occurred on the same day that the minor was employed by said company; that said employment was made without the knowledge and consent of the minor's parents and in violation of Act No. 301 of 1908, as amended, prescribing certain requirements for the employment of minors in certain businesses; that the minor's parents would not have consented to said employment had they known of it. It is further alleged that the minor was sickly, weak and anemic, and his appearance indicated that he was not able to perform the duties of a delivery boy operating a motorcycle. The petition then alleges a state of facts from which it is sought to hold the drug company and its insurance carrier liable in tort for the injury received by this boy, alleging that the minor was incapable of electing to come under the provisions of the compensation law and, as his parent had not elected for him, the law did not apply. In the alternative, the plaintiff prays for compensation in case it is determined that the claim is covered by the compensation law.
The defendants filed exceptions of no cause or right of action as to the damages claimed under the general tort law on the ground that the claim is governed exclusively by the compensation law; also an exception of prematurity under the alternative claim for compensation on the ground that it is not alleged or shown that the defendants ever refused to pay compensation. As it is conceded by plaintiff that the defendants have offered to pay compensation, there is no question as to the right of plaintiff to recover and the willingness of defendants to pay compensation.
The trial judge sustained the exception of no cause or right of action as to the right of plaintiff to recover damages under the general tort law on account of the injuries received by the minor. The plaintiff has appealed from that judgment, and the only question presented on the appeal is a legal one, that is whether or not a minor over 14 and under 18 years of age who goes to work for an employer in a hazardous occupation without the consent or knowledge of his parents and is injured soon after entering the employment, is presumed to have elected to come under the workmen's compensation law and thereby barred from suing under the general tort law.
Paragraph 3 of Section 3 of Act No. 20 of 1914, as amended by Act No. 85 of 1926, provides that every contract of hiring, verbal, written or implied between an employer and an employee engaged in a hazardous occupation as defined in the act (and the employment of young Ballard admittedly was hazardous), is presumed to have been made subject to the provisions of the act, unless there be as a part of such contract of employment an express statement in writing either in the contract itself or by written notice by one party to the other, that the provisions of the compensation law are not to apply, and it shall be presumed that the parties have elected to be governed by the provisions of the act and bound thereby, unless such election is later terminated as provided in other parts of the act. Under paragraph 4 of this section provision is made for either party to terminate this election to come under the act, whether the election is express, implied or presumed, by giving written notice to that effect to the other party not less than thirty days prior to the accident. It is provided in paragraph 6 of this section that an employee who is a minor over 18 years of age may make the election for himself to come under the act, or terminate that election, or waive the termination and consent to again be governed by the act, but such right of election, termination or waiver on the part of a minor employee under the age of eighteen shall be exercised on behalf of such a minor by either his father, mother, or tutor, or if neither of these can readily be gotten to act, then by the court.
The requirement for an election by a minor under eighteen to be made for him by either his father, or mother or tutor clearly indicates his inability to make the election for himself, whether that election is a presumed one under the provisions of paragraph 3 to come under the act or a special agreement not to come under it. To presume an election for such a minor to come under the act without the implied or express consent of his parents or tutor would create the anomalous situation of giving such a minor the capacity to have a presumed election forced on him without the consent of his parents, while denying him the capacity to elect not to come under the act without the consent of his parents or tutor. *Page 534 
Our opinion is that the presumed election to come under the act in order to have effect against a minor under eighteen years of age must have either the implied or express consent or approval of his parents or tutor. Of course, where the parents know of the employment and permit the minor to work without protest, or where they acquiesce in the employment by knowingly permitting the minor to receive wages, or where the parents receive benefits from his employment, such acts and circumstances would imply their election for the minor to be governed by the act.
A similar question as that presented by the pleadings in this case was decided by the Federal Courts in the case of Parham v. Standard Oil Company, D.C., 275 F. 1007, and the same case, Standard Oil Company v. Parham, 5 Cir., 279 F. 945, and a writ was denied by the United States Supreme Court, 260 U.S. 733, 43 S.Ct. 94, 67 L.Ed. 487.
The Parham case involved an action for damages on behalf of a seventeen year old minor who was employed by the defendant in Louisiana without the knowledge and consent of his parents, the minor receiving an injury while assisting in drilling a well during the first night of his employment. The contention was made by the defendant that the remedy of the injured employee was governed exclusively by the Louisiana Workmen's Compensation Law; that under the presumption created by Paragraph 3 above referred to, the minor was presumed to have elected to come under the said law. Both the U.S. District Court and the United States Fifth Circuit Court of Appeals in very concise and convincing language held that the minor, being under the age of eighteen, by the very terms of the act, did not have the capacity to make the election for himself, and therefore could not be presumed to have done that which he had no legal capacity to do; that the very purpose of the provision withholding from the employee under eighteen the right of election and making that right exercisable by such employee's parents or tutor, would be defeated by giving to a hiring by such minor by himself alone the effect of raising a presumption that such hiring was made subject to the provisions of the act.
Learned counsel for the defendants concede that the Parham case fits this case and is favorable to the contention of the plaintiff, but they insist that we should not follow the decision in that case for the reason that it is not in harmony with the decisions of the appellate courts of this State on the same question. However, we fail to find any conflict in the decisions of our state courts and the Federal Courts in the Parham case. On the contrary, we find the reasoning given by the state courts presenting similar situations rather supports the decision in the Parham case.
For instance, in the recent case of Roy v. Mutual Rice Company of La. Inc., 177 La. 883, 149 So. 508, the Supreme Court held that a minor under eighteen, but emancipated by marriage, had the capacity to contract with reference to his trade or occupation, and for that reason he was held to have elected to come under the compensation law, as he had given no notice that he did not intend to be governed by the act in his employment. The reasoning in that case leads to no other conclusion but that, had the minor under eighteen not been emancipated by marriage, he would have been held without capacity to make the election and would not have been held to come under the act. Indeed, if such was not the reasoning of the court, there was no use in discussing the capacity of the minor to make the election because of his emancipation, as he would have been bound by the act whether he was married or single. Neither does the case of Ross et al. v. Cochran Franklin Company, Inc., 10 La.App. 719, 122 So. 141, so strongly relied on by defendants, hold contrary to the decision of the Federal Courts in the Parham case.
In the Ross case a colored boy 16 or 17 years old was injured on the tenth day after his employment in a mill, and suit was brought by his parents on his behalf for damages under tort law, and in the alternative for compensation. The same issue was raised in that case as is raised in this case, and the court held that the minor was presumed to have elected to come under the compensation law. The boy was employed without the knowledge or consent of his parents, but it is significant to note that in that case the court based its final conclusion on the fact that the parents had impliedly consented to the employment and ratified it by their acts. The boy was working at a mill only five miles from the home of his parents and had been working there for ten days, and furthermore, the parents were informed two days before the accident that their boy was *Page 535 
working at this mill, and they made no protest. Besides this, the employer treated the boy for the injury and paid him compensation with the approval of his parents, which had the effect on their part of ratifying the employment.
Whether or not the defendants in this case can show that the parents of young Ballard, by their acts and conduct, acquiesced in and consented to his employment is a matter to be determined on the trial of the case.
For the reasons assigned, it is ordered that the judgment appealed from be and the same is hereby avoided, annulled and reversed, and it is now ordered that the exception of no cause or right of action filed by the defendants be and the same is hereby overruled, and the case is remanded to the District Court to be proceeded with according to law and the views herein expressed; defendants to pay the cost of the appeal, and all other cost to await the final termination of the cause.