This is a workman's compensation suit instituted by a mother, arising out of the accidental death of her minor son while in the course and scope of his employment. The basis of her claim is that she was dependent upon the deceased boy and she asks for compensation as provided for in such cases under the statute, Act No. 20 of 1914. The father was still alive but it is alleged that they were separated and not living together.
Her son sustained the accident from which he died on the first day that he went to work and in her petition plaintiff makes the following allegation: "That the said employee (her minor son) had made no choice as to whether or not he came under the Employers Liability Act, but that petitioner, as his surviving mother, totally dependent upon him, does hereby elect for his employment to come under the Workmen's Compensation Act and the benefits thereof."
The crux of the whole case is whether or not this mother, plaintiff in the suit, had the right to make an election for her minor son's employment to come under the act, afer he had sustained the injury from which he subsequently died. There were some other issues presented but they seem to have passed out of the case and we are confronted solely with the legal proposition as to whether an election to come under the terms of the act can be made for the benefit of a minor under 18 years of age after the accident and injury over which the alleged claim arises. The trial judge sustained the contention that it could and he awarded plaintiff judgment from which this appeal was taken.
The Workmen's Compensation Statute under Par. 1 of Sec. 3, Act No. 85 of 1926, deals with the question of the election by employers and employees whether they shall come within the terms of the statute or not and specifically provides that such election must be made prior to the injury, by agreement, whether expressed or implied, as further provided for in that same section. In Par. 2 of the section it is provided that in every contract of hiring existing at the time the act goes into effect, between an employer and any employee engaged in any business coming within its terms, it is presumed or shall be presumed that the parties have elected to be subject to its provisions and to be bound thereby unless such election be terminated as thereinafter provided. In Par. 3 of the same section it is provided that in every contract of hiring made subsequent to the time that the act takes effect, it "be presumed to have been made subject to the provisions of this act, unless there be as a part of said contract an express statement in writing either in the contract itself or by written notice by either party to the other, that the provisions of this act other than Sections 4 and 5 are not intended to apply, and it shall be presumed that the parties have elected to be subject to the provisions of this act and to be bound thereby, unless such election be terminated as hereinafter provided."
Under Par. 6 of Sec. 3, (one of those with which we are particularly concerned in this case) it is provided that an employee of the age of 18 years and upwards shall himself exercise the right of election or termination or waiver authorized by that section of the statute. Then it provides for the election or termination or waiver on behalf of employees under the age of 18, and as to them it is provided that such right of election, termination or waiver shall be exercised on their behalf by the father, mother, or tutor of such minor, or if neither of these can readily be gotten to act, then by the court.
It is clear therefore, and we do not think disputed by counsel for plaintiff in this case, that the election provided for in the various cases enumerated in that section have to be made prior to the injury. To get around that provision however counsel invokes Sec. 16 of the act, Act No. 38 of 1918, which, he contends, prescribes the *Page 767 
limitations of time with regard to claims made for compensation arising out of the employment of a minor when death results from the injury; the limitation having reference, in this case, to the time when an election as provided for in Sec. 3 should be made.
That part of Sec. 16 on which counsel relies reads as follows: "In case an injured employee is mentally incompetent or a minor or where death results from the injury, in case any dependent as herein defined is mentally incompetent or a minor, at the time when any right, privilege or election accrues to him under this act, his duly qualified curator or tutor, as the case may be, may, in his behalf, claim and exercise such right, privilege, or election, and no limitation of time, in this act provided for, shall run, so long as such incompetent or minor has no curator or tutor as the case may be."
We have carefully considered the language quoted and are unable to find in it the meaning which counsel says it has; that is, that when death results to an injured employee, who is a minor, his father or mother can exercise any rights which may have accrued to him without regard to the limitation of time provided for in the statute. To give it that meaning would, in our opinion, bring it in conflict with Sec. 3 of the act and particularly with Par. 1 of the Section which provides that all elections under that section have to be made prior to the injury, and, which read in connection with Par. 6 with regard to the right of election on behalf of employees under the age of 18, gives that right to either the father, mother or tutor, or if neither of these can readily be gotten to act, then to the court.
Section 16 of the act refers particularly to two classes of people in their relation to the compensation law. The first class embodies an employee who is either mentally incompetent, or a minor, and the second class, to mentally incompetent or minor dependents of a minor employee whose injury resulted in death. Nowhere do we find anything in that section which would justify applying its provisions to a dependent parent who, like the plaintiff in this case, is mentally competent.
Let us take the first class embodied in the provision of the section. That would include an injured employee who is mentally and legally incompetent to have made the election for himself or a minor who did not have the legal capacity to make the election. It is contemplated that when either of those two classes of employees survive the injury and the demand for compensation has not accrued to anyone else, then in presenting the claim for compensation on their behalf the duly qualified curator or tutor, as the case may be, may exercise such right as he may have under the act, including that of election to come under its provisions, regardless of the time when such election should have been made.
Now let us take the other situation which may arise under that section of the act and analyze it: To us it means that when either an injured employee who is mentally incompetent or a minor is injured, and death results and a claim for compensation accrues to any dependent as defined under the act, and such dependent is mentally incompetent or a minor, at the time any right under the act accrues, including the right of election, then the duly qualified curator or tutor of such dependent, as the case may be, may claim and exercise any rights under the act including that of election, regardless of the time when such election should have been made. Under no circumstances presented in that section however can a dependent who is mentally competent, such as the plaintiff in this case, claim any right under the act without regard to any limitations of time therein provided for.
Counsel for plaintiff relies principally on the case of Parham v. Standard Oil Co., D.C., 275 F. 1007, 1008. In that case the demand was based on tort under Art. 2315 of the Louisiana Revised Civil Code. The contention of the defendant was that plaintiff's remedy was under the Workmen's Compensation Act for even though there had been no election for his minor son, who was the injured employee, to come under the provisions of the statute prior to the injury, the presumption of such an election created by Par. 3 of Sec. 3 of the act applied. In disposing of this point the district judge, after stating that the plaintiff *Page 768 
was an injured employee and a minor under the age of 18 years, without a curator or tutor, said that it was "Difficult to see why, under said paragraph 6 (of Sec. 3), his father cannot elect, even after the injury, to terminate the provisions of the act with reference to his injury when section 16 provides that in case an injured employé is a minor at the time when any right, privilege, or election accrues to him under the act, his duly qualified curator or tutor may, in his behalf, claim and exercise such right, privilege, or election, and that 'no limitation of time' shall run so long as such minor has no curator or tutor."
On appeal to the Fifth Circuit Court of Appeals, 279 F. 945, 948, the judgment of the district court was affirmed but the Court of Appeals seems to have entertained some doubt about the lower court's construction of Sec. 16 for it stated that "Even if the right given to the plaintiff's father to elect whether the act should or should not apply to the hiring of the plaintiff was exercisable after the plaintiff sustained the injuries complained of, an election that the act should not apply was sufficiently manifested by the bringing of this (the tort) suit." Rather significantly the court then added: "But the terms of the act keep it from applying to an injured employee, where, prior to the injury, there was no such election, by or in behalf of the employee, by agreement, express or implied, as the act contemplates."
These Parham cases were referred to by this court in its first opinion in the case of Ballard v. Stroube et al., La. App., 10 So.2d 532 where the question presented was whether or not the minor under 18 years of age came within the presumption of having elected, as provided for in cases of employees who are majors and over the age of 18, by the mere fact of having accepted employment and actually performed some of his duties. It was held, and properly so, we believe, that such presumption could not apply to him without the implied or expressed consent of his parents or tutor. There is nothing at all to indicate in the decision however whether an election on his behalf to come within the provisions of the statute could be made after he had sustained the injury which gave rise to a claim for compensation. We were not satisfied in that case whether the boy's parents had, by their action or conduct, acquiesced in and consented to his employment and for that reason were unable to decide whether his case could be prosecuted against the defendants in tort or whether his cause of action was one under the compensation statute, exclusively. We accordingly remanded the case and on the remand, as shown in the opinion reported in La. App., 19 So.2d 593, we held that by their actions and conduct the parents had acquiesced and consented to his employment before he was injured and thereby there arose the implication that they had elected for his employment to come under the provisions of the Workmen's Compensation Statute. The cause of action was therefore held to be exclusively within the terms of that statute.
Ross v. Cochran et als., 10 La. App. 719, 122 So. 141, is another case on which counsel for plaintiff seems to rely. In that case there is some language used in the opinion from which it might be inferred that a minor might be presumed to have made an election to come under the statute by virute of having gone to work, but the decision was not based on any presumption that he himself had made the election but that by their conduct, his parents showed conclusively that they intended to ratify the contract of employment. They had been informed two days before the accident that he was so employed, and they made no protest. Besides, after their child was injured, the employer, acting on the assumption that the contract of employment was covered by the act, furnished medical and surgical aid and paid compensation for 11 weeks, all with the full knowledge and approval of the parents.
In the present case, the plaintiff does not base her right to bring her suit under the Compensation Statute on any presumption of election which may arise under its provisions, or on any action or conduct on her part prior to the injury sustained by her minor son, from which any presumption might be drawn. On the contrary, she affirmatively alleges that her son had made no election but that she, as his surviving *Page 769 
mother, totally dependent upon him, elects now, after the accident which caused his death, for his employment to be governed by the provisions of the Workmen's Compensation Act. This, as we have endeavored to point out, she cannot do under the circumstances presented in her case and it necessarily follows that the judgment appealed from which awarded her compensation has to be reversed.
For the reasons stated it is therefore ordered that the judgment appealed from be and the same is hereby avoided, reversed and set aside and it is further ordered that the plaintiff's suit be dismissed at her costs.